IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| LEO LUNA, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 4:21-cv-14 |
| | § | |
| v. | § | |
| | § | |
| MASSEY SERVICES, INC. , | § | **Jury Trial Demanded** |
| | § | |
| Defendant. | § | |

## COMPLAINT

LEO LUNA ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against MASSEY SERVICES, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq*.

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 28 U.S.C. §1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant regularly conducts business in the State of Texas, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391 (b)(2).

### PARTIES

5. Plaintiff is a natural person residing in Richardson, Texas.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

7. Defendant is a national debt collection company with its corporate headquarters located at 315 Groveland Street, Orlando, Florida 32804.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Debt collection is the principal purpose of Defendant's business.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Beginning in or around November 2018, Defendant placed harassing telephone calls to Plaintiff on his cellular telephone ending in 8448 for solicitation purposes.

12. Plaintiff has solely used this number as a cellular telephone number.

13. When contacting Plaintiff, Defendant was trying to sign Plaintiff up for termite control.

14. Plaintiff previously utilized Defendant's pest control services, but was not interested in termite control services or any pest control service at that time.

15. Plaintiff told Defendant he was not interested in their services and to stop calling when the calls first began in November 2018.

16. Once Plaintiff told Defendant to stop calling it knew its calls were unwanted and any further communications could only have been placed for the purpose of harassing Plaintiff.

17. Plaintiff knew that Defendant's calls were automated calls as he was often met by a noticeable pause or delay with no caller on the line and/or a pre-recorded voice prior to one of Defendant's representatives coming on the phone.

18. Defendant's calls were not made for "emergency purposes."

19. Plaintiff found Defendant's calls to be invasive, harassing, intrusive and upsetting.

20. Defendant's actions as described herein were taken with the intent to harass, upset and coerce Plaintiff to pay the alleged debt.

.

## COUNT II
## **DEFENDANT VIOLATED THE TCPA**

21. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

22. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

23. Defendant's calls to Plaintiff were not made for "emergency purposes."

24. After Defendant was told to stop calling, Defendant knew or should have known it did not have consent to call and that any consent it may or may not have thought it had was revoked, yet the Defendant continued to place autodialed calls to Plaintiff's cellular telephones.

25. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

26. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

27. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

WHEREFORE, Plaintiff, LEO LUNA, respectfully prays for judgment as follows:

a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

c. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

e. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, LEO LUNA, demands a jury trial in this case.

Respectfully submitted,

Dated: 01/08/2021               By: */s/ Amy L. Bennecoff Ginsburg*
                                Amy L. Bennecoff Ginsburg, Esq.
                                Kimmel & Silverman, P.C.
                                30 East Butler Pike
                                Ambler, PA 19002
                                Phone: (215) 540-8888
                                Facsimile: (877) 788-2864
                                Email: teamkimmel@creditlaw.com