# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| LEO LUNA, § <br> § <br> *Plaintiff,* § <br> § <br> v. § <br> § <br> MASSEY SERVICES, INC., § <br> § <br> *Defendant.* § <br> § | Civil Action No. 4:21-CV-014-ALM <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Massey Services, Inc.'s Motion for Attorneys' Fees (Dkt. #18). Having considered the motion and the relevant pleadings, the Court finds that the motion should be **DENIED**.

### BACKGROUND

On January 11, 2021, Plaintiff Leo Luna filed suit against Defendant Massey Services, Inc., alleging a violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* (Dkt. #1). On October 15, 2021, Defendant filed a motion for summary judgment, arguing Plaintiff's claims should be dismissed because the evidence indisputably showed that (1) Defendant did not call Plaintiff using an automatic telephone dialing system ("ATDS or "autodialer"), and (2) Plaintiff consented to Defendant's calls (Dkt. #12 at p. 19). On November 12, 2021, Plaintiff filed a statement of non-opposition to Defendant's motion for summary judgment (Dkt. #15). In the statement, Plaintiff disputed that Defendant had consent to call his cell phone, but "based on the detail and credibility of [Defendant's] affidavit, Plaintiff accept[ed] that the calls were made manually" and thus that that he could not prevail on his claim (Dkt. #15 at p. 2). Accordingly, Plaintiff stated that because he did "not wish to cause the Court, the parties,

or counsel to expend additional time on this matter," he abandoned his claim (Dkt. #15 at p. 4). On February 9, 2022, the Court granted Defendant's motion for summary judgment, dismissing Plaintiff's claims with prejudice (Dkt. #16).

On February 23, 2022, Defendant filed the present motion, which seeks attorneys' fees against Plaintiff's counsel under 28 U.S.C. § 1927 (Dkt. #18). On March 9, 2022, Plaintiff filed his response in opposition to Defendant's motion for attorneys' fees (Dkt. #19). On March 16, 2022, Defendant filed its reply (Dkt. #20). On March 23, 2022, Plaintiff filed his sur-reply (Dkt. #21).

## LEGAL STANDARD

When "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof . . . multiplies the proceedings in any case unreasonably and vexatiously," courts "may" require such individual "to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. To award attorneys' fees under this statute, courts must find "evidence of bad faith, improper motive or reckless disregard of the duty owed to the Court." *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998). "The phrase 'unreasonably and vexatiously' describes conduct that is objectively 'harassing or annoying, or evinces the intentional or reckless pursuit of a claim, defense or position that is or should be known by the lawyer to be unwarranted in fact or law or is advanced for the primary purpose of obstructing the orderly process of the litigation.'" *Van Dyke v. Retzlaff*, No. 4:18-CV-247, 2021 WL 351360, at *1 (E.D. Tex. Feb. 2, 2021) (citation omitted). An attorney acts with "reckless disregard" of his duty owed to the Court when he, without reasonable inquiry, advances a baseless claim despite clear evidence undermining his factual contentions. *Morrison v. Walker*, 939 F.3d 633, 638 (5th Cir. 2019).

Claims for attorneys' fees under § 1927 must be proven by clear and convincing evidence. *Hammervold v. Blank*, 3 F.4th 803, 811 (5th Cir. 2021) (citing *Bryant v. Mil. Dep't of Miss.*, 597 F.3d 678, 694 (5th Cir. 2010)).[1] "[P]unishment under § 1927 is sparingly applied. . . [because] sanctions under [this statute] are punitive in nature . . . ." *Laws. Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 872 (5th Cir. 2014) (internal quotations omitted). The Fifth Circuit has construed § 1927 in favor of the sanctioned party. *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 526 (5th Cir. 2002) (citing *F.D.I.C. v. Conner*, 20 F.3d 1376, 1384 (5th Cir. 1994)). "Indeed, should a court find that sanctions are warranted under § 1927, the court must then 'make detailed factual findings' supporting its conclusion." *True Believers Ink 2, Corp. v. Russell Brands, L.L.C.*, No. 4:18-CV-00432, 2020 WL 2113600, at *15 (E.D. Tex. May 4, 2020) (quoting *Laws. Title Ins. Corp.*, 739 F.3d at 871).

## ANALYSIS

Defendant seeks attorneys' fees against Plaintiff's counsel under § 1927, arguing Plaintiff's counsel engaged in unreasonable and vexatious litigation (Dkt. #18 at p. 3). More specifically, Defendant contends that Plaintiff's counsel acknowledged his client's baseless claim during a telephone conference on June 28, 2021, yet continued to pursue it, making an award of attorneys' fees appropriate under § 1927 in this case (Dkt. #18 at p. 2). In response, Plaintiff's counsel contends that he avoided unreasonable and vexatious litigation in pursuing his client's TCPA claim because a factual dispute warranted moving forward with the fact-finding process (Dkt. # 19 at p. 12). Further, according to Plaintiff, once Defendant produced credible evidence refuting his

---

[1] As the Fifth Circuit noted in *Hammervold*, there has been some confusion regarding whether the clear and convincing standard applies to all Section 1927 motions. *See* 3 F.4th at 811 n.14. In a 2019 decision, *Morrison*, a Fifth Circuit panel concluded that the clear and convincing standard applies only when Section 1927 sanctions would shift the entire cost of defense. *Id.* at 637 n.13. But two years later, in *Hammervold*, the Court held that under the rule of orderliness it was bound to follow *Bryant*'s earlier holding that clear and convincing evidence is always required to impose Section 1927 sanctions. 3 F.4th at 811 n.14. Given the Fifth Circuit's most recent guidance on the issue, the Court applies the clear and convincing standard here.

3

factual claims, he opted to abandon his claims—which is the opposite of vexatious litigation (Dkt. # 19 at p. 12).[2]

To award attorneys' fees under § 1927, the Court must find that the attorney multiplied the proceedings in the case "unreasonably and vexatiously." 28 U.S.C. § 1927. To determine that the attorney acted "unreasonably and vexatiously," the Court must find "evidence of bad faith, improper motive or reckless disregard of the duty owed to the Court." *Edwards*, 153 F.3d at 246. An attorney acts with "reckless disregard" of his duty owed to the Court when he, without reasonable inquiry, advances a baseless claim despite clear evidence undermining his factual contentions. *Morrison*, 939 F.3d at 638.

The Fifth Circuit has found that awards of attorneys' fees under § 1927 have been appropriate where an attorney repeatedly made filings based on a meritless claim or pursued a claim despite knowledge of client testimony that undermined the claim. *See Morrison*, 939 F.3d at 639 (affirming the district court's award of sanctions under § 1927 where counsel relied on his client's "dubious factual allegations [though] there were glaring red flags that [counsel] needed to investigate further" and counsel disregarded "overwhelming evidence" that judicial immunity applied); *see also Mercury Air Grp., Inc. v. Mansour,* 237 F.3d 542, 549 (5th Cir. 2001) (affirming the district court's award of § 1927 sanctions where counsel continued to pursue the lawsuit despite his client's testimony that it was inherently baseless as well as the lack of extrinsic evidence to support client's position); *see also Gonzalez v. Fresenius Med. Care N. Am.*, 689 F.3d 470, 480 (5th Cir. 2012) (affirming the district court's award of § 1927 sanctions and finding that counsel exerted improper influence in pushing case to trial though the client no longer adhered to the allegations supporting the claim); *see also Procter*, 280 F.3d at 525–26 (stating that "repeated

---

[2] Neither party requested a hearing on the matter, and the Court finds one unnecessary.

4

filings despite warnings from the court, or other proof of excessive litigiousness" support the imposition of § 1927 sanctions).

In contrast, this Court has found an award of attorneys' fees under § 1927 to be inappropriate where counsel provided tenable explanations for each action undertaken and the claims pursued were not so "substantively weak" as to merit an award of attorneys' fees. *See True Believers,* 2020 WL 2113600, at *16. Similarly, this Court found an award of attorneys' fees under § 1927 to be inappropriate where an attorney believed his client's claim "was still in fact viable," noting that it could not "conclude that [the attorney's] conduct was unreasonable just because his client's arguments ultimately failed . . . ." *See Klein v. Walker*, No. 1:14-CV-00509, 2017 WL 2221732, at *5 (E.D. Tex. April 27, 2017).

Here, Defendant argues that Plaintiff's counsel engaged in unreasonable and vexatious litigation by acknowledging his baseless claim on a June 28, 2021 phone call and then taking actions to prolong the litigation (Dkt. #18 at p. 4). Specifically, according to Defendant, "[d]uring the June 28, 2021, telephone call, Plaintiff's counsel acknowledged that claims asserted in his Complaint were false or had no factual basis, were not warranted by existing law, were devoid of evidentiary support, and served no other purpose than to harass [Defendant] and prolong litigation" (Dkt. #18 at p. 3). In support of this contention, Defendant's counsel states in an affidavit that on the June 28, 2021 call, Plaintiff's counsel told her he had listened to the recordings that his client had and realized they were left by live people, not an ATDS (Dkt. #18-1 ¶ 8). Further, Defendant contends that after this phone call, Plaintiff subsequently failed to remediate the claim and instead proceeded to serve extensive discovery requests on Defendant (Dkt. #18 at p. 4). [3]

---

[3] In its reply, Defendant also points out that Plaintiff's counsel admits in its response that he was aware (as early as July 21) that his client's business relationship with Defendant had not been entirely terminated at the time of the calls (Dkt. #20 at p. 4). As such, Defendant argues that this shows Plaintiff's counsel was aware Plaintiff could not establish lack of consent—a key element of his TCPA claim—yet he continued to pursue the claim regardless (Dkt. #20 at p.

5

Plaintiff has a different recollection of the conversation that took place on June 28, 2021. According to him, "[c]ontrary to what [Defendant] now represents to the Court, [Plaintiff] and his counsel were not in the possession of any documentary or testamentary evidence which would be dispositive to Plaintiff's claim or Defendant's defenses" (Dkt. #19 at p. 2). Plaintiff's counsel further denies that he ever told Defendant's counsel that he listened to the recordings in dispute (Dkt. #19-1 ¶ 30). In fact, according to him, as he explained to Defendant's counsel, he "could not obtain recording of the voicemails" and "was only able to view the screenshot transcriptions of less than 25% of the total calls" (Dkt. #19-1 ¶¶ 21, 27). Further, Plaintiff's counsel states that he conferred with his client, who continuously maintained that he had a clear recollection that some of the calls sounded like an "autodialer" (Dkt. #19-1 ¶ 15). Thus, "[b]ecause there was no conclusive evidence as to the nature of the dialing system or voice technology used by [Defendant], and where the Plaintiff believed one thing and the defense counsel said something else, there was a reasonable basis to go forward to the fact-finding process" (Dkt. #19 at p. 2). Moreover, after this, Plaintiff only issued a single set of written discovery—showing that Plaintiff's counsel went out of his way to avoid vexatious litigation (Dkt. #19 at p. 8).

Here, the Court finds that Plaintiff's counsel's behavior does not rise to an "extremely rare occasion where § 1927 sanctions are appropriate." *Klein*, 2017 WL 2221732, at *5. In the cases where courts have found fees under § 1927 to be appropriate, the lawyers pursued claims despite overwhelming evidence undermining their clients' factual allegations. *See, e.g., Morrison*, 939

---

3). According to Defendant, "such action is a clear example of unreasonable and vexatious conduct" (Dkt. #20 at p. 4). In response, Plaintiff argues that "[t]his argument is nonsensical" because an existing business relationship is not synonymous with a lack of consent (Dkt. #21 at p. 2). Further, Plaintiff argues that "a TCPA plaintiff is not obligated to prove the absence of consent because consent is an affirmative defense where the defendant bears the burden" (Dkt. #21 at p. 2). The Court agrees with Plaintiff. *See Bennett v. Veterans Aid Pac, Inc*., No. 4:21–CV–340, 2022 WL 1632553, *3 (E.D. Tex. May 23, 2022) ("[E]xpress prior consent is an affirmative defense on which the [defendant] bears the burden."). Plaintiff's counsel's knowledge of his client's existing business relationship with Defendant was not dispositive of the TCPA claim. Thus, it fails to show that Plaintiff's counsel engaged in unreasonable and vexatious conduct.

F.3d at 639; *Mansour*, 237 F.3d at 549; *Gonzalez*, 689 F.3d at 480.  Further, the lawyers made repeated filings prolonging the litigation despite red flags that the case was baseless. *See, e.g.*, *Mansour*, 237 F.3d at 549 (finding counsel's litigation activity, including filings, multiplied the proceedings); *Morrison*, 939 F.3d at 638 (same).  Here, by contrast, Plaintiff's counsel did neither.

First, there is not clear and convincing evidence that Plaintiff's counsel pursued vexatious litigation in the face of overwhelming evidence that his client's claim was meritless. *See Morrison*, 939 F.3d at 638.  Indeed, though the parties dispute the exact conversation that took place on June 28, 2021, Plaintiff's counsel states in his affidavit that he only had screenshot transcriptions of less than 25% of the subject calls and did not have any recordings of the calls (Dkt. #19-1 ¶¶ 21, 27). Further, he maintains that his client remained steadfast in his position that some of the calls contained a computerized or pre-recorded voice (Dkt. #19-1 ¶ 33).  Thus, given the lack of conclusive evidence and Plaintiff's steadfast belief about the pre-recorded voice, Plaintiff's counsel did not act vexatiously in moving forward with discovery—or, at the very least, there is not clear and convincing evidence that he did so.  As such, this case is unlike the other cases that found attorneys' fees appropriate where there was overwhelming evidence that undermined a plaintiff's claim, but the lawyer proceeded anyways. *Cf. Morrison*, 939 F.3d at 639; *Mansour*, 237 F.3d at 549; *Gonzalez*, 689 F.3d at 480.

Second, unlike the other cases that found attorneys' fees to be appropriate, instead of vexatiously multiplying the proceedings, Plaintiff's counsel only issued one set of discovery before he recommended to his client that he drop the suit. *Cf. Mansour*, 237 F.3d at 549; *Morrison*, 939 F.3d at 638.  Indeed, the record is devoid of the "repeated filings despite warnings from the court, or other proof of excessive litigiousness" that typically support imposing sanctions under § 1927. *Procter*, 280 F.3d at 525; *see also Garcia v. Navasota Indep. Sch. Dist.*, No. H-09-3892, 2011 WL

7

2193239, at *3 (S.D. Tex. June 6, 2011) ("Persistent prosecution of meritless claims will support sanctions under Section 1927, including repeated filings, often in contravention of repeated warnings from the court, or proof of litigious activities.").

Further, an attorney may pursue a well-recognized legal claim despite statements from opposing counsel suggesting the contrary as long as the legal claim is reasonably supported by the client's factual contentions—even if those contentions are not fully developed. *See F.D.I.C. v. Calhoun*, 34 F.3d 1291, 1298 (5th Cir. 1994) (noting that "[a] plaintiff need not have a fully developed factual case in order to base a suit upon a well-recognized legal claim"). Here, Plaintiff's counsel has explained his decision to proceed with discovery was supported by his client's factual contentions—this client maintained a steadfast belief about the artificial or pre-recorded voice. *See Vanderhoff v. Pacheco*, 344 F. App'x 22, 27 (5th Cir. 2009) (asserting that counsel can rely on their client until such reliance is "unreasonable or . . . in bad faith"). Moreover, once Plaintiff's counsel received what he determined to be clear and conclusive testamentary evidence refuting his client's claim, he recommended that Plaintiff not challenge Defendant's motion for summary judgment—he did not further multiply the litigation nor persist in a meritless claim. *See id.* Thus, Plaintiff's counsel's conduct in issuing discovery and recommending abandonment of the TCPA claim after reviewing the totality of Defendant's evidence does not amount to an "unreasonable and vexatious" multiplication of the proceedings.

In sum, the Court finds that Plaintiff's counsel did not "unreasonably and vexatiously" to multiply the proceedings of this case when pursuing the TCPA claim. There is not clear and convincing evidence to establish that Plaintiff's counsel's actions amounted to bad faith, improper motive, or reckless disregard. *Edwards*, 153 F.3d at 246. Therefore, attorneys' fees under § 1927 should not be awarded to Defendant.

## CONCLUSION

It is therefore **ORDERED** that Massey Services, Inc.'s Motion for Attorneys' Fees (Dkt. #18) is hereby **DENIED**.

**IT IS SO ORDERED**.

SIGNED this 10th day of June, 2022.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE